54

JOHN WILKINSON and RYAN BAILEY, Appellants,
v. UNITED STATES FIDELITY & GUARANTY
COMPANY OF BALTIMORE, MARYLAND, Appellee.
—396 S.W.(2d) 86.

Middle Section. June 25, 1965.

James C. Cunningham, Clarksville, for appellants.

Daniel, Harvill & Batson, Clarksville, for appellee.

PURYEAR, J. This is a suit for declaratory judgment filed by the appellee in the Chancery Court of Montgomery County, wherein the appellee sought a declaration of the rights and obligations of the parties hereto under the terms and provisions of a certain liability insurance policy issued by the appellee to the appellant, John Wilkinson, on September 7, 1961, for a policy period of one year.

The learned Chancellor filed a memorandum opinion in which he made a statement of the case and which we adopt herewith as follows:

STATEMENT OF CASE TAKEN FROM CHANCELLOR'S OPINION.

"The facts of this case are: On the 28th day of August 1961, the defendant, John Wilkinson, made application for liability insurance under automobile assigned risk plan with the Cumberland Insurance Agency of Clarksville, Tennessee and in the application stated that his business was that of 'Service Station and Repair.' The application was assigned to the complainant and on September 7, 1961, a liability insurance policy was issued to the defendant, John Wilkinson, 1200 Greenfield Drive, Clarksville, Tennessee, and being a 'Garage Liability Policy,' and the nature of the

business conducted by the insured was listed as 'Service Station & Repair.'

In the defendant Wilkinson's application there was attached the following statement:

'John B. Wilkinson
1200 Greenfield Drive
Clarksville, Tennessee

Owner and Operator of Greenfield Gulf Service Station and Body Repair Shop, Tows 1 to two trips a month from Detroit, Chicago, and other nearby cities reworks these automobiles and sells them on the market locally. He wants coverage for his trips, including Towing, Liability for his station and his two individual automobiles listed as family automobile and service truck.

This would include Garage Liability 5/10/5 on and off the premises as well as liability to the customer automobile and customers. His payroll is $11,700.00 to his help and just one operator at $2,000.00. He has two full time helpers and one part time helper. All over 25 years. Selling Gas, Oil, Service, Repair Shop and Accessories.

This policy will include 2 towbars, one chain hoist and 1 service rack lubrication, etc. We want this to be a Division One Garage Liability Policy.

Producer of records

Cumberland Insurance Agency
112 5th Street Box 141
Clarksville, Tennessee.'

The record also discloses that at the time the application for insurance was made and at the time the policy was issued the defendant, John Wilkinson was

a partner in a used car partnership with the Defendant, Ryan Bailey. This used car business was operated from the same premises as the Greenfield Gulf Service Station and Repair Shop. The used car partnership, operating under the name of Greenfield Motors, bought and sold used cars, one of the partners going to Detroit or Chicago where several used cars would be purchased and drivers would be employed to bring them back to Clarksville. If it were necessary for work to be done on the cars before they were sold, the Service and Repair or body shop of the defendant, John Wilkinson, would do the work and charge Greenfield Motors, the partnership, for the work. The two businesses while being operated from the same premises, were in fact, separate businesses. The service station and repair shop belonged to the defendant, John Wilkinson, individually, while Greenfield Motors, a used car sales business was owned by John Wilkinson and Ryan Bailey, as equal partners.

Prior to November 4, 1961 the defendant, Ryan Bailey, had gone to Detroit, Michigan, where he had purchased several used cars for the partnership of Greenfield Motors and he employed the defendant, Dallas Benjamin Nicks, to drive a 1956 Oldsmobile that belonged to Greenfield Motors and to tow a 1955 DeSoto Sedan also the property of Greenfield Motors, from Detroit to Clarksville, Tennessee, and on November 4, 1961 the said Nicks was involved in an accident while driving the 1956 Oldsmobile and towing the 1955 DeSoto. One person was killed in said accident and as a result of said action the defendants, Wilkinson, Bailey and Nicks have been sued in the Circuit Court for Montgomery County, Tennessee. The defendants have made demand upon the complainant to defend

the action in Circuit Court alleging that the automobile and the parties are covered by the terms and conditions of the policy issued to John Wilkinson. The complainant denies that the vehicles owned by Greenfield Motors are covered by the policy. This is the question to be decided." (Tr. pp. 121-124)

The cause was tried by the Chancellor upon depositions and on December 29, 1964, a decree was entered by the Chancellor in which he decreed and declared that the appellee, United States Fidelity & Guaranty Company, had no obligation to the appellants under the subject insurance contract heretofore referred to in regard to any claims that may have arisen out of the automobile accident in question, which occurred on November 4, 1961, and that the policy of insurance, being Policy No. AGS 213427 AR issued by the United States Fidelity & Guaranty Company, to John B. Wilkinson, was not applicable to said motor vehicle accident, or to any losses, damages or claims that related thereto. (Tr. pp. 128-129)

From this decree of the Chancellor the appellants prayed and perfected their appeal to this Court and have assigned error.

In their first assignment of error the appellants contend the Chancellor erred in holding that the automobile sales agency, a partnership composed of the appellants, John Wilkinson and Ryan Bailey, was a separate non-covered business, and that the Chancellor further erred in holding that the appellants were not insured against damages which arose and claims which were made against them as a result of the accident which occurred on November 4, 1961.

In his memorandum opinion, (Tr. p. 124), the Chancellor stated "there are really no disputed questions of

fact'', and we agree with this conclusion of the Chancellor.

Based upon the facts of this case the Chancellor found as follows:

"It is the opinion of this Court that the position of the complainant in this cause is well taken in that the subject insurance policy issued by the complainant and being Policy No. AGS 213427 AR, being issued in the name of John Wilkinson, in no way afforded any insurance coverage to any person in so far as a certain motor vehicle accident which occurred in Clarksville, Tennessee, on November 4, 1961, at a time when Dallas Benjamin Nicks was driving a 1956 Oldsmobile Sedan." (Decree of Chancellor, Tr. pp. 128-129)

■ Under the provisions of Section 27-303, Tennessee Code Annotated, this decree comes to us with a presumption of its correctness, unless the preponderance of the evidence is otherwise.

In the case of Life & Casualty Insurance Company v. Vertrees, 44 Tenn.App. 672, 318 S.W.(2d) 559, the Western Section of this Court held that this presumption also applies to the construction of the language used in an insurance policy, where the case was tried and determined by a circuit judge trying the case without a jury.

■ In the instant case, it is our opinion that the evidence does not preponderate against the foregoing conclusion of the Chancellor.

■ In his brief, appellants' counsel, cites Moore v. Life & Casualty Insurance Company, 162 Tenn. 682, 40 S.W.(2d) 403, and many other cases in support of his contention that where ambiguity makes the contract

susceptible to two interpretations, then the policy is to be construed most favorably to the insured. Certainly, this is a rule of construction in our State, but we do not think these cases are in point or this rule can be applied to the instant case, since it is our opinion that no ambiguity exists in the policy in question here.

In his brief, appellants' counsel also contends and argues that under the "Definition of Hazards", under the terms and provisions of the policy, the appellant, Ryan Bailey, was insured as a partner of John Wilkinson, and quotes certain language of the policy which appears under division one in "Definition of Hazards" as follows:

"Division 1—*Premises—Operation—Automobiles*. The ownership, maintenance or use of the premises for the purpose of an automobile sales agency, repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the ownership, maintenance or use of any automobile in connection with the above defined operations, and the occasional use for other business purposes and the use for non-business purposes of (1) any automobile owned by or in charge of the Named Insured and used principally in the above defined operations, and (2) any automobile owned by the Named Insured in connection with the above defined operations for the use of the Named Insured, a partner therein, an executive officer thereof, or a member of the household of any such person."

The policy itself, which is filed as Exhibit A, shows the name of the insured as "John Wilkinson", and shows the nature of the business insured as "Service Station and Repair,"

It is insisted by appellants' counsel that the word "partner" as used in the above quoted language of the policy from division one of "Definition of Hazards," includes the partnership, composed of John Wilkinson and Ryan Bailey, and also specifically includes Ryan Bailey as a member of that partnership.

We cannot agree with this contention. The language used in division one of "Definition of Hazards" in the insurance policy does contain the following language: "a partner therein." However, we specifically note that the word "partner" is followed immediately by the word "therein," which to us, means that if a partnership is the named insured in the policy, then the individual partners, who compose such partnership, are insured under the terms and provision of the policy.

Mr. Charles D. Spikes, Casualty Superintendent in the Nashville office of the United States Fidelity & Guaranty Company, testified by deposition as a witness for the appellee in this case, and during the course of his cross-examination, counsel for appellants specifically asked this witness about the foregoing provision of the policy containing the words "partner therein", and, although this question and the answer thereto, may not have been competent, if objection had been made, counsel for appellants made it competent by specifically asking the question which elicited an explanation by Mr. Spikes of the term "partners therein" as used in the policy, and we quote the following excerpt from his cross-examination:

"Q. I had specifically a definition of the insured as being a partner?

A. You are referring to the statement that says 'with respect to the insurance under Coverages A, B,

and D, the unqualified word "insured" includes the named insured and also includes any partner, employee, regular stockholder' et cetera, et cetera, is that what you mean?

Q. Yes. Also, there is Subsection B there.

A. Well Sub-section B is an exclusion. In other words that is to whom it does not apply. The portion that I read there, Mr. Cunningham, if our named insured were a partnership, we would be insuring the partnership as a legal entity. What this is saying is, that in addition, we would be insuring the individual members of the partnership, while acting within the scope of their duties as partners. However, since our named insured is not a partnership, this provision does not come into play." (Tr. pp. 115-116)

We agree with the Chancellor that the reasoning of the Court in the case of Hardware Mutual Casualty Co. v. Higgason, 175 Tenn. 357, 134 S.W.(2d) 169, applies to the facts of this case, and that it was never the intention of appellee to insure the partnership composed of John Wilkinson and Ryan Bailey, doing business as Greenfield Motors. Therefore, assignment of error number one is overruled.

In assignment of error number two, appellants' counsel contends that the Chancellor erred in failing to take into consideration the fact that an assigned risk policy cannot be voided by misrepresentation of the insured, especially when the insuror has full knowledge of the risks involved.

We have carefully read and reread the memorandum opinion of the Chancellor and the decree based upon such opinion for the purpose of trying to determine if the

Chancellor did hold the insurance policy in question to be voidable on account of misrepresentation of the insured, and we do not find that the Chancellor so held. He summed up his memorandum opinion in the following language:

"Applying the above to the facts before the Court, it was never the intention of complainant to insure multiple business under the policy issued." (Tr. p. 127)

The decree was prepared and entered exactly in accordance with the conclusions expressed in the memorandum opinion, and, therefore, we do not find that the Chancellor held the policy in question to be voidable on account of misrepresentation of the insured, but he simply held that it was never the intention of the appellee to insure the partnership of John Wilkinson and Ryan Bailey, doing business as Greenfield Motors. For these reasons assignment of error number two is overruled.

In their reply brief, counsel for the appellee insists "that it becomes material and thus incumbent upon the court to determine whether or not there has been, according to the facts as shown to the court in the proof of this cause, a misrepresentation of material facts to such an extent that the policy is avoidable at the election of the company." (Appellee's brief p. 32).

However, in the present state of the record, we do not feel that the question of whether or not the policy in this case should be declared voidable at the election of the appellee, is a relevant question to be determined herein, and certainly do not feel it is incumbent upon us to make such a determination.

The question of whether or not the partnership composed of John Wilkinson and Ryan Bailey, doing business

as Greenfield Motors, was insured under the policy of insurance is the controlling question presented in this case and that question having been decided by the Chancellor, and this Court having concurred with the Chancellor, we do not consider it necessary or appropriate to make any further determination.

The decree of the Chancellor is affirmed with costs.

Shriver and Humphreys, JJ., concur.