181 So.2d 841 (1965)
Oscar DUMAS, Plaintiff-Appellant,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY et al., Defendant-Appellee.
No. 10498.
Court of Appeal of Louisiana, Second Circuit.
December 21, 1965.
Rehearing Denied January 26, 1966.
*842 Coon & Coon, Monroe, for appellant.
Davenport, Farr & Kelly, Monroe, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
HARDY, Judge.
This is an action ex delicto in which plaintiff seeks the recovery of damages resulting from an automobile accident. Defendant insurer, Hartford Accident & Indemnity Company, filed a motion for summary judgment which was sustained, and from this judgment plaintiff has appealed.
The facts which are necessary to an understanding of the issues presented may be simply stated. Clyde Waldrop, named as a co-defendant with Hartford, is the owner and operator of an automobile service station in the City of Monroe. At the time of the accident which is the basis of this suit, Waldrop was driving a car owned by James P. Brady, Hartford's assured, for the purpose of returning the vehicle to the Brady residence, having completed the work of servicing the car at his station. While in the course of this trip the Brady car, driven by Waldrop, was involved in a collision with a pickup truck owned and operated by plaintiff.
Plaintiff's claim against Hartford is predicated upon the provisions of the omnibus clause of the insurance policy issued by Hartford to Brady. Hartford's motion for summary judgment rests upon the contention that the protection accorded under the omnibus clause is restricted by a specific exclusionary clause included in the policy which reads:
"This policy does not apply under Section I:
"(g) to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, * * *."
The policy contains the following applicable definition:
"`Automobile Business' means the business or occupation of selling, repairing, servicing, storing or parking automobiles."
For the purpose of clarity, we combine the exclusionary clause with the definition to read as follows:
"This policy does not apply to an owned automobile while used by any person while such person is employed or otherwise engaged in the business of servicing automobiles."
The sole issue presented on this appeal relates to an interpretation of the exclusionary provision under the definition set forth in the policy.
Counsel for appellant contend that at the time of the accident the Brady automobile was not being "used in the automobile business," and, therefore, the exclusionary clause does not apply. For authority in support of this position counsel rely upon the recent case of Wilks v. Allstate Insurance Company (La.App.3rd Cir., 1965, writs refused), 177 So.2d 790, and the authorities therein cited, particularly LeFelt v. Nasarow (1962), 71 N.J.Super. 538, 177 A.2d 315.
*843 In support of the judgment sustaining the motion and dismissing plaintiff's demands, counsel for Hartford primarily rely upon Nyman v. Monteleone-Iberville Garage, Inc. (1947), 211 La. 375, 30 So.2d 123, and Clostio's Heirs v. Sinclair Refining Co. (La.App.1st Cir., 1948), 36 So.2d 283.
The exclusionary clause involved in this case differs in wording both from the policy provisions considered in the Nyman and Clostio cases and that which was interpreted by the court in the Wilks case. Fortunately, we do not think it necessary to enter into a detailed discussion with respect to the differentiations existing between the three distinct exclusionary clauses since it is our opinion that the instant case is readily susceptible of determination upon the basis of the allegations contained in the motion for summary judgment in connection with the policy provisions.
The motion filed on behalf of defendant, Hartford, alleged that Waldrop:
"* * * was returning the said automobile to the Brady residence after servicing of the same." (Emphasis supplied.)
In a supplement to the original motion defendant attached an affidavit from Mrs. Brady, wife of Hartford's assured, which contained the following recital:
"As a service to me as his customer, Mr. Waldroup (sic) was to return my car to our residence once he had completed the work on the car." (Emphasis supplied.)
Again referring to the quoted exclusionary clause of the policy, it is to be observed that it applies to
"* * * any person while such person is employed or othewise engaged in the automobile business, * * *." (Emphasis supplied.)
Upon the basis of Hartford's motion for summary judgment and the affidavit referred to, it is clear that the Brady automobile was being driven after it had been serviced, and that the servicing of the automobile had been completed. The policy exclusion applies only while a person is employed or engaged in servicing an automobile.
The meaning and common use of the words "after", "completed", and "while" are so simple and clear that reference to lexicographical authority is hardly necessary. However, in the interest of certainty, we quote the definitions as follows:
"After. Later, succeeding, subsequent to, inferior in point of time or of priority or preference."
"Complete. To finish; accomplish that which one starts out to do."
"While. Pending or during the time that." Black's Law Dictionary, 4th Edition; Webster's New International Dictionary, 2nd Edition.
We think it is abundantly clear under the facts of the instant case that the exclusionary clause of the policy would have applied to Waldrop only while he was actually engaged in servicing the Brady automobile. Inasmuch as Waldrop had completed his work of servicing the car and was driving the vehicle after the completion of his work, the exclusion failed to apply.
Notwithstanding the fact that we are firmly convinced, for the reasons above stated, as to the clear and certain definitions which should determine the issue presented, out of an abundance of precaution we further observe that, in any event, the exclusionary clause under consideration in this case is at least ambiguous. The principle is settled beyond question that any ambiguity in the provisions of an insurance policy must be construed against the insurer. While this rule is so well established as to obviate the necessity for citation of authority, we refer to the very recent cases of Wilks v. Allstate Insurance Company, supra, and Taylor v. State Farm Mutual *844 Auto. Ins. Co., 248 La. 246, 178 So.2d 238, and authorities therein cited.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, the motion for summary judgment is overruled, and
It is further ordered that this case be and it is remanded to the Honorable the Fourth Judicial District Court in and for the Parish of Ouachita, State of Louisiana, for futher proceedings in accordance with law. Costs of this appeal are taxed against Hartford Accident & Indemnity Company, defendant-appellee.