PRICE, Judge.
This is an appeal by Northern Assurance Company from a summary judgment in favor of State Farm. The suit arises out of an auto accident involving an employee of Van Trow Olds-Cadillac, Inc., of Monroe, and Lawrence T. Williams, Jr. The employee was returning a serviced Oldsmobile to the owner Lejean Black when his negligent operation of the automobile resulted *344 in the collision with the Williams’ car. Williams sustained total damages of $378.-60, of which $303.72 was property damage to his Ford automobile and $74.88 for the expense of renting a vehicle.
Lejean Black had in force at the time of the collision a Family Automobile Policy with State Farm. State Farm denied coverage under the policy to the employee of Van Trow. Northern Assurance as the insurer of Van Trow paid the claim to Williams and took a conventional subrogation of Williams’ right against State Farm.
In response to plaintiff’s action State Farm filed a motion for summary judgment, attaching a certified copy of the insurance policy issued by it to Lejean Black along with the written interrogatories and answers propounded to plaintiff. State Farm claims there is no genuine issue of material fact because the policy specifically excludes coverage for Van Trow’s employee. Northern Assurance claims there is a genuine issue of material fact governing whether the exclusionary clause in State Farm’s policy to Black is applicable.
The pertinent provisions of Section III(a)l of the policy provides that liability is excluded . .to any person or organization, or to any agent or employee thereof operating an automobile sales agency, repair shop, service station . . . with respect to any accident arising out of the operation thereof . . .”
Plaintiff contends that whether the pick up and delivery of an automobile to the owner for his convenience and accommodation is such an act as to come within the meaning of “operation” of the sales agency and repair shop so as to exclude coverage to Van Trow’s employee is a question of a material fact that should be determined at a trial on the merits. Plaintiff in brief cites an earlier Second Circuit Court of Appeal case, Dumas v. Hartford Accident and Indemnity Company, 181 So.2d 841 (La.App. 2nd Cir. 1965), where an automobile had been serviced and was being returned to the owner by an employee of the service garage. With almost identical factual issues this court decided the exclusionary provision did not apply where the job of servicing the vehicle had been completed and the car was being returned to the owner after the completion of the work. However, the exclusionary clause in Dumas was couched in different language. There the policy referred to “. . . any person while such person is employed or otherwise engaged in the automobile business . . . ”
The policy contained the following definition :
“ ‘Automobile Business’ means the business or occupation of selling, repairing, servicing, storing or parking automobiles.”
This court in Dumas interpreted the “. . . while . . . employed or otherwise engaged in the automobile business” to mean that the exclusion applied only during the actual time a person is employed or engaged in the automobile business. (emphasis supplied). The owner of the car in that case in an affidavit attached to the motion for summary judgment made the following statement:
“As a service to me as his customer Mr. Waldroup (sic) was to return my car to our residence once he had completed the work on the car.” (emphasis supplied)
On the basis of this statement by the owner, the summary judgment excluding coverage was reversed. A later case from the Third Circuit involving a similar factual situation with a similar exclusion as in Dumas determined the exclusionary clause was applicable. There the court found the exclusionary clause to be clear and completely devoid of ambiguity and held there is no liability coverage of the owner automobile while being used by any person where such person is employed or otherwise engaged in the automobile business. Deville v. United States Fidelity and Guar *345 anty Co., 258 So.2d 694 (La.App. 3rd Cir. 1972). In Deville the employee drove the owner of the car to his job and was returning to the car dealership when the accident occurred. In applying an exclusionary clause identical to that in Dumas, the Third Circuit said the pick up and delivery service offered by the car dealership was part and parcel of its garage operations. In Deville the car dealership actually maintained separate employees who had as their sole duty the pick up and delivery of its customer’s vehicles.
Dumas and Deville can be distinguished as the decision in Dumas was substantially based on the owner’s declaration in her affidavit that the work had been completed and the car was being returned to her. Whereas in Deville the court found the employment of personnel to perform the pick up and delivery of customer vehicles made the delivery service an integral part of the assured’s automobile business, and therefore the exclusionary clause was applicable.
In any event the case before us has different terminology in the exclusionary clause than those of the Dumas and De-ville cases. We are not concerned if the delivery service occurs “while” the employee is engaged in the automobile business. State Farm’s clause relates “. to any accident arising out of the operation thereof . . .” We find this clause to be broader than those found in either the Dumas or Deville cases. Plaintiff has admitted in answer to interrogatories that Van Trow’s employee did pick up and deliver cars to be serviced or those that have been serviced when the service manager of Van Trow so ordered. It is also admitted that this pick up and delivery service was done at the request and for the convenience of Van Trow’s customers. Northern Assurance attempts to mitigate the effect of this customer service by stating this service was done prior to the automobiles being serviced or after the operation of Van Trow had been completed. This distinction makes no difference under the language of the exclusionary clause involved as the pick up and delivery service is “. . . arising out of the operation thereof . . .” without regard to whether the collision occurs prior to or upon completion of the car’s being serviced. We find that the pick up and delivery service is part and parcel of Van Trow’s operation and as such the accident arose out of this operation.
Having found from the exhibits offered in support of the motion for summary judgment that Van Trow is an automobile sales agency operating a repair and service shop and that the collision caused by their employee is an accident arising out of this operation so as to come within State Farm’s exclusionary clause, we affirm the judgment appealed from granting a summary judgment to State Farm. Costs of this appeal are assessed to appellant.