326 So.2d 911 (1976)
Albert HOWARD et al., Plaintiffs-Appellants,
v.
Jessie PONTHIEUX et al., Defendants-Appellees.
No. 5340.
Court of Appeal of Louisiana, Third Circuit.
February 20, 1976.
Rehearing Denied March 11, 1976.
*912 Dorsey C. Martin, III and Roy Maughan, Baton Rouge, for plaintiffs-appellants.
Gist, Methvin & Trimble by James T. Trimble, Jr., Kramer & Kennedy by Ralph
Kennedy, Provosty & Sadler by William H. deLaunay, Alexandria, for defendants-appellees.
Before MILLER, WATSON and CUTRER, JJ.
WATSON, Judge.
Plaintiffs, Johnny C. Harris and Albert Howard, respectively a driver and his guest passenger, were injured when a GMC pickup truck under tow by a wrecker broke loose and collided with their vehicle. Named defendants were: Jessie Ponthieux (also known as Joseph Ponthieux), d/b/a Jessie's Auto Salvage, the owner and operator of the wrecker; Edward Earl Johnson, who had been driving the pickup prior to the towing; Hartford Accident and Indemnity Company, the insurer of the pickup; and Allstate Insurance Company, the liability insurer of Albert Howard. Allstate filed a third party demand against Ponthieux and Harris. Allstate was subsequently dismissed as a defendant after it settled Howard's claim as his uninsured motorist carrier for $4,000. The trial court concluded that there was no coverage under Hartford's policy because the insured pickup was being used in connection with an automobile business at the time of the accident and thus was within a policy exclusion. The trial court rendered judgment dismissing plaintiffs' claims against Johnson and Hartford and Allstate's claim against Harris. The judgment recognizes a bankruptcy decree discharging Ponthieux from any liability. Although no defendants were cast in judgment, there was an award to Howard of $10,463.68; an award to Harris of $6,697.40; and an award to Allstate of $4,000 to be paid out of the award to Howard. Plaintiffs, Harris and Howard, were cast for all costs.
Plaintiffs have appealed, contending that the trial court erred in finding that Hartford's policy excludes coverage. We affirm.
The primary issue is whether Hartford's policy excludes coverage for this accident.
*913 The Harris vehicle was proceeding west on Willow Glen Road in or near Alexandria, Louisiana, when a GMC pickup being towed in the opposite direction by Ponthieux broke loose from the tow and hit the Harris vehicle head-on in the westbound lane of traffic. The Johnson vehicle had previously sustained damage to the right front-end, and Ponthieux had picked it up on MacArthur Drive. The tow chain broke on the right side when he hit a bump in the road. Ponthieux did not realize the chain had broken until the accident occurred. The chain was two or three weeks old and had performed satisfactorily prior to this occasion. After the second accident, Ponthieux stored the Johnson pickup overnight and took it to Russell Carmouche's Pineville Garage the next morning. Ponthieux is in the towing and salvage business and sells used parts from junked and wrecked cars. He owns five wreckers. Ponthieux said he stores cars for brief intervals, the longest period being about three weeks.
The named insured in Hartford's policy is Eddie P. Johnson & Sons Asphalt Paving Co., Inc. Edward Earl Johnson is one of the `Sons' and was driving the GMC pickup owned by the corporation when the first accident occurred.
Hartford's policy provides in Part I under coverage that the insurance covers damages:
". . . caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading, of any automobile . . ."
Under "Part II. Persons Insured" is included:

* * * * * *
"(c) any . . . person while using an owned automobile . . . with the permission of the named insured, provided his actual operation or [if he is not operating] his other actual use thereof is within the scope of such permission,. . ."
But the policy says:
"None of the following is an insured:

* * * * * *
"(v) any person while employed in or otherwise engaged in duties in connection with an automobile business, . . .'

Automobile business is defined as:
". . . the business or occupation of selling, repairing, servicing, storing or parking automobiles . . ."
The trial court concluded that the pickup was in use at the time of the accident on the basis of American Fire & Casualty Co. v. Allstate Ins. Co., 214 F.2d 523 (U.S.App. 4 Cir. 1954), which involved a jeep under tow, and contains the following language:
"The jeep was moving on the road by means of its own running gear and although it was not employing its own power unit, it was subject to the vicissitudes and dangers of travel on the public highway and was being propelled under circumstances not infrequently encountered. It cannot be said that the employment of the vehicle in such a manner was so unusual as not to have been within the contemplation of the parties to the insurance contract, and it would violate the usual rule of liberal interpretation of such an agreement in favor of the insured, if it should be held that a car being transported under the circumstances was not actually in use." 214 F.2d 525
This view is supported by the language in Part II of the Hartford policy which indicates that use can include something other than operation of a vehicle. See Baudin v. Traders & General Insurance Company, 201 So.2d 379 (La.App. 3 Cir. 1967); writ refused 251 La. 224, 203 So.2d 557, which discusses the jurisprudence in regard to whether an accident is one arising out of the use of an automobile.

*914 "It has been recognized that the term `use' . . . is not limited to those actually operating or driving the motor vehicle but extends to those who have such a right of control over the vehicle as to impose a legal responsibility upon them for the use of the vehicle." 7 Am.Jur.2d, Automobile Insurance § 110.
Unquestionably, Ponthieux was using the pickup owned by Hartford's insured with the permission of the named insured. Therefore, his use is covered by the policy unless he falls within the exclusion as a person engaged in duties in connection with an automobile business.
The trial court found that Ponthieux's business included storage of automobiles. There is no manifest error in this factual finding. The trial court then concluded that Ponthieux was in the automobile business within the definition in Hartford's policy. Deville v. United States Fidelity & Guaranty Co., 258 So.2d 694 (La.App. 3 Cir. 1972), concerned an automobile dealer's employee who had picked up a customer's automobile to be serviced. The employee was held to be employed and engaged in the automobile business and within a policy exclusion identical to that here. Following the reasoning in Deville, Ponthieux was taking the Johnson automobile to his place of business for storage and was in the automobile business within the definition in Hartford's policy. The opposite conclusion was reached by the second circuit in an older case, Dumas v. Hartford Accident & Indemnity Company, 181 So.2d 841 (La.App. 2 Cir. 1966). The discussion of Dumas at 27 La.Law Review 526 points out that the cost of protecting use of an automobile by a garage should properly be borne by the business rather than the individual owner. The recent case of Northern Assur. Co. v. State Farm Mut. Auto. Ins. Co., 320 So.2d 343 (La.App. 2 Cir. 1975), discusses Dumas and Deville, supra, in considering a similar but broader exclusionary clause. The second circuit concluded in Northern that an automobile being returned to its owner by a dealer's employee after servicing was in a use arising out of the operation of an automobile business.
Since Ponthieux was taking the Johnson vehicle to be stored at his auto salvage business when this accident occurred, the Johnson automobile was being used by a person ". . . employed in or otherwise engaged in duties in connection with an automobile business, . . .". Thus, coverage under Hartford's policy is excluded.
For the foregoing reasons, the judgment of the trial court is affirmed.
All costs are assessed against plaintiffs-appellants, Johnny C. Harris and Albert Howard.

Affirmed.