**TERMINAL TRANSPORT COMPANY, INC., Plaintiff-Appellee,**

v.

**CLIFFSIDE COMPANY, INC., Defendant-Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Third Party Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section.

March 28, 1980.

Certiorari Denied by Supreme Court Nov. 24, 1980.

Watkins, McGugin, McNeilly & Rowan, by Dan E. McGugin, Jr., Nashville, for plaintiff-appellee and third party defendant-appellee.

Trabue, Sturdivant & DeWitt, by Thomas H. Peebles, III, and Gary E. Crawford, Nashville, for defendant-appellant.

## ABRIDGED OPINION

TODD, Judge.

The defendant, Cliffside Company, Inc., has appealed from a judgment in favor of plaintiff, Terminal Transport Company, Inc., in the amount of $175,000.00 plus accrued interest of $110,393.95, or a total of $285,393.95, dismissing the third party action of Cliffside against Liberty Mutual Insurance Company.

Terminal is a trucking company. Cliffside is a truck service station. This action arose when one of Terminal's trucks was taken to Cliffside for repair; Cliffside's employee undertook to drive the disabled truck to a terminal garage to exchange it for another truck; while being operated by the Cliffside employee, the Terminal truck struck an automobile and severely injured one, Mallett; Mallett sued Terminal in Alabama; Terminal settled with Mallet for $350,000.00; Terminal sued Cliffside in the present action for common law indemnity;

Cliffside filed a "cross suit" against Liberty Mutual, Terminal's insurer claiming coverage under the "additional insured" clause; the Chancellor dismissed both suits; this Court reversed; the Supreme Court held that Terminal was not entitled to indemnity but was entitled to contribution and remanded to the Chancellor to determine the amount of contribution due and the rights of Cliffside against Liberty Mutual.

The results before the Chancellor are stated above.

Two issues are presented by appellant:
1. Liability of Liberty Mutual to Cliffside.
2. Right of Terminal to interest from date of suit.

As to the first issue, Cliffside points out that in its published opinion, the Supreme Court held:

"Of course, Cliffside and Terminal being joint tort–feasors, Terminal is not entitled to indemnification; the remedy in Tennessee in cases involving joint tort–feasors is restitution by way of contribution." 577 S.W.2d at 459.

Cliffside insists that the finding by the Supreme Court that Terminal and Cliffside were joint tort–feasors necessarily included a determination that Kemper, the mechanic of Cliffside, was driving the Terminal truck as the agent and employee of both Terminal and Cliffside.

The Chancellor found as a fact that Kemper was "acting for both parties equally."

The opinion of the Chancellor states:

"The accident in question was the result of the negligence of Kenneth Kemper, a truck-stop mechanic employed by Cliffside. According to Kemper, he was, at the time of the accident, driving Terminal's tractor to Terminal's Nashville facility on instructions from a mechanic at Terminal's Atlantic facility.

Based upon the facts in the record, the Court concludes that the servant was acting for both parties equally and for the purpose of contribution (each party) should pay one–half of the settlement.

Under the terms of the Liberty Mutual policy, Cliffside is not an additional insured. The policy contains a provision to the effect that the insurance with respect to any person or organization other than the named insured does not apply to "any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any accident arising out of the operation thereof."

The policy in question is entitled, "Automobile Policy Combination Comprehensive (Comprehensive Liability–Physical Damage)". It begins with the following:

"In consideration of the payment of the premium, in reliance upon the declarations made a party hereof and subject to all the terms of this policy, agrees with the insured as follows:"

The remainder of the policy is actually three policies, numbered I, II, and III, as follows:
I. Comprehensive Automobile Liability Insurance.
II. Automobile Physical Damage Insurance.
III. Automobile Medical Payments Insurance.

Section I and Section III each have a paragraph entitled, "Persons Insured".

In Section I, the portion material to this suit, the "Persons Insured" clause reads in pertinent part as follows:

"Each of the following is an insured under this insurance to the extent set forth below:

. . . . .

(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission ..........................
....................................
....................................
None of the following is an insured:
....................................
(v) any person while employed in or otherwise engaged in duties in connection

with an automobile business, other than an automobile business operated by the named insured."

■ The business of servicing and repairing trucks, as conducted by appellant, was an automobile business; hence appellant can have no rights under the provision relied upon. *Northwestern Mut. Ins. Co. v. Travelers Ins. Co.*, Colo.App.1973, 515 P.2d 1143.

The Chancellor relied upon and the briefs discuss an endorsement of the policy entitled, "Automobile Medical Payments" which contains an exception for garagemen. Medical payments coverage is not involved in this suit, hence the endorsement has no application to the issues.

Appellant relies upon *White v. Travelers Indem. Co.*, 6th U.S.C.A.1969, 416 F.2d 870, but that authority is distinguishable upon the difference in wording of the policy involved. In the cited case, the limitation or exception was for vehicles turned over to a repairman "to be used in his business." In the present case, the policy excepts "any person while employed ... with an automobile business."

Other authorities cited by appellant are equally distinguishable.

■ Appellant's insistence that its employee, Kemper, was not operating the truck of Terminal on appellant's business is not sound. The operation of the truck was a necessary part of performance of appellant's contract with Terminal to service and repair Terminal's equipment. The truck in question was only part of a tractor–trailer "rig" and had been detached from the trailer to be exchanged for a replacement tractor. The exchange of tractors was clearly a part of appellant's "automobile business."

Appellant's first insistence is respectfully overruled.

Appellant's second insistence is that the Chancellor erred in allowing interest from December 17, 1968, the date of filing of this suit.

Appellant concedes that the allowance of interest on obligations which are not interest–bearing by statute is a matter of equity for determination by the Chancellor.

Appellant insists that its liability was sufficiently doubtful that no interest should be allowed until liability is established. Appellant admits, however, that the allowance of interest is discretionary. *Evans v. Boggs*, 35 Tenn.App. 354, 245 S.W.2d 641 (1951).

The most persuasive point made by appellant is that the long delay in final disposition was due to the neglect of Terminal. The brief of Terminal makes no direct response to this point.

The technical record discloses the following pertinent dates and actions:

| | |
|---|---|
| Dec. 17, 1968 | Original bill filed by Terminal |
| May 16, 1969 | Motion for pro confesso for failure of defendant to plead |
| May 19, 1969 | Order Pro Confesso |
| Feb. 02, 1970 | Amended and supplemental bill filed by Terminal |
| Apr. 22, 1970 | Demurrer, answer and cross bill filed by Cliffside |
| Oct. 09, 1970 | Answer filed by cross defendant Liberty Mutual |
| Oct. 12, 1976 | Motion of Cliffside to set the cause for trial |
| Oct. 26, 1976 | Order setting case for March 8, 1977 |
| June 07, 1977 | Judgment of dismissal |
| Feb. 27, 1979 | Procedendo from Supreme Court |
| June 21, 1979 | Second judgment now under review |

The only significant delay indicated by the foregoing is the period from October 9, 1970, until October 12, 1976, terminated by motion of Liberty Mutual, a cross–defendant, to set the cause for trial.

There is no explanation of why the plaintiff, Terminal Transport, took no steps to bring the case to trial during the six year period from 1970 to 1976.

Interest was allowed from December, 1968 to June, 1979, a period of 10½ years during six of which the technical record contains no evidence of any activity in this case.

■ Appellant argues that the delay in prosecution is of necessity the fault of plaintiff whose duty it was to expedite the disposition of the case. The effectiveness of this argument is mitigated by the fact

that there is no record that defendant made any effort to force the cause to trial. Also, there is no evidence of any effort before the Chancellor to make an issue as to unreasonable delay. This might have been done by petition to rehear, thereby giving opportunity to the parties to explain or justify their inaction. Instead, the plea of unreasonable delay comes in the last paragraph of appellant's argument on appeal.

It is true, as argued by Terminal, that appellant had the use of $175,000 during the 10½ year period and Terminal was deprived of the use of the fund for the same period. Absent any evidence that the issue of delay was presented to and decided by the Chancellor, it would not appear proper for this Court to reverse the Chancellor's allowance of interest upon the basis of a hiatus in the technical record.

The foregoing are the only issues presented by appellant. However, the appellee presents an issue as to the amount of contribution allowed by the Chancellor.

The entire argument of Terminal on this issue is as follows:

The Chancellor erred in allowing Terminal only a fifty percent (50%) contribution from Cliffside.

When this case was originally appealed, this Court was of opinion that Terminal was entitled to full indemnity from Cliffside.

The Tennessee Supreme Court held there should not be full indemnity, apparently on technical grounds, but its opinion clearly held that Cliffside was primarily to blame and primarily liable. The Tennessee Supreme Court said in part:

"In a case for contribution the real inquiry is which of the two parties is primarily responsible for the injuries. The answer in this case has to be that Cliffside is that party." *Terminal Transport v. Cliffside Company, Inc.*, 577 S.W.2d 455, 460 (1979).

In allowing only a fifty percent (50%) contribution the Chancellor disregarded the clear mandate of the Supreme Court that Cliffside was "primarily responsible." He should have allowed a contribution of eighty percent (80%) to ninety percent (90%).

The opinion of the Supreme Court in the former appeal of this case (577 S.W.2d 455) adjudged:

1. That the liability admitted by Terminal in making the settlement was presumptive only and, on remand might be shown by competent evidence to be nonexistent for purposes of "contribution." (The Court did not discuss what percentage of contribution would apply if Terminal be shown to have no actual liability).

2. That the right of Terminal to contribution and the percentage thereof should be based upon "quality of negligence" of the parties.

3. The negligence of Terminal based upon a rebuttable resumption cannot be compared to that of Cliffside.

4. That Cliffside is the party primarily responsible for the injuries.

5. That the quality of vicarious negligence depends upon who is the real master of the wrongdoer.

6. In order to do justice, the courts are authorized to inquire into the "quality of the vicarious relationships."

It also appears that this cause was remanded to the Chancellor for an evidentiary hearing to develop the facts involved in the six (6) above considerations.

No further evidence appears to have been adduced upon the issues pointed out by the Supreme Court.

Thus, the Chancellor and this Court are left to do their best to answer the questions posed by the Supreme Court in its opinion and remand.

The Chancellor found, as above quoted:

The accident in question was the result of the negligence of Kenneth Kemper, a truck-stop mechanic employed by Cliffside. According to Kemper, he was, at the time of the accident, driving Terminal's tractor to Terminal's Nashville facility on instructions from a mechanic at Terminal's Atlanta facility.

On the basis of the present record, this Court must agree with the foregoing finding of fact of the Chancellor.

From the facts thus found (and the lack of evidence on other pertinent facts) this Court must conclude that the injury was caused by the negligence of a single individual, Kemper, with whom the relationships of Cliffside and Terminal were, at the time of injury, that of joint superiors who were subject to equal vicarious responsibility for the negligence of Kemper. From the results reached, it appears that the Chancellor reasoned in this manner, and, if so, this Court agrees with his reasoning.

It appears to be a fair rule of contribution that, where two superiors are vicariously liable for the negligence of a servant over whom both superiors have the right of control, then the two superiors should equally share the loss.

This would evidently be the result under our present Uniform Contribution Among Joint Tort–feasors Act (T.C.A. § 23–3101 et seq., enacted April 3, 1968 after the injury in the present case).

The judgment of the Chancellor is affirmed. Costs of this appeal will be divided equally between Terminal Transport and Cliffside. The cause is remanded for collection of judgment and costs and any other proceedings which may be necessary and proper.

Affirmed and remanded.

DROWOTA and LEWIS, JJ., concur.