WADDEY *et al. v.* MARYLAND CASUALTY CO.

(*Nashville,* December Term, 1936.)

Opinion filed January 30, 1937.

WALKER & HOOKER, and SEAY, STOCKELL & EDWARDS, all of Nashville, for appellants.

TRABUE, HUME & ARMISTEAD, of Nashville, for appellee.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This suit is before the court on the appeal of complainants from the decree of the chancellor sustaining defendant's demurrer to their bill and dismissing the same.

It was alleged in the bill, in substance, that the defendant issued and delivered to Verney E. Boyette a policy of automobile insurance wherein it was, among other things, provided:

"Maryland Casualty Company of Baltimore herein called the Company.

"In consideration of the premium herein set forth, and of the following Statements, DOES HEREBY AGREE with the Assured named and described as such in the Statements, to insure said named Assured, in accordance with the provisions of the Insuring Agreements and subject to the conditions hereinafter set forth, as respects accidents occuring within the continental limits

of the United States or Canada caused by or resulting from the ownership, maintenance or operation by the named Assured of the Automobile or Automobiles listed in the Statements."

Under the head of Statements, the automobile, a 1930 Chevrolet coach, was to be used for "private uses and business calls." By subsection 4, clause C, of the policy it is provided:

"(4) No automobile covered hereby is or will be used for towing or propelling any trailer or any vehicle used as a trailer."

Under the Insuring Agreements, section V, it is provided:

"This Policy does not cover: . . . (e) being used for towing or propelling any trailer or any vehicle used as a trailer (incidental assistance to a stranded automobile on the road permitted) unless privilege for such use is specified in the Statements and/or unless such trailer is listed in Statements: nor in any event unless proper premium for such privilege is in the Statements set forth."

No trailer is listed in the Statements.

It is further alleged in the bill, in substance, that on May 18, 1931, Verney E. Boyette, the named assured in the said policy, was driving on a highway in Davidson county, Tenn., accompanied by two young boys, and overtook complainant Gray Waddey, a boy of tender years, who was accompanied by a small companion named Seth Gibson. That these two boys were pushing a homemade wagon along the highway, which "wagon was constructed from the frame of a small pony buggy about five feet long, having a front and back axle, was about four feet wide and approximately two feet above the ground.

It had four old T model Ford automobile wheels with no tires thereon. It had no bed or seats but had two planks extending from the front to the back axle, on which to sit. It had no shafts or tongue or other apparatus with which to guide it, but was guided by means of one sitting on the planks and the occupant holding one foot on the right and the other on the left of the front axle. A rope was tied to the front end of the wagon, which was used to pull the same.''

That the two boys were pushing this wagon upgrade when overtaken by Boyette, who stopped his car and asked them if they did not want a lift over the hill; that the Gibson boy climbed upon the luggage carrier at the back of the car, and complainant Gray Waddey tied the rope attached to the wagon to the rear of the car and climbed into the wagon; that on reaching the top of the hill, Mr. Boyette, instead of stopping the car, continued to drive it downgrade; that Gray Waddey, who was riding in the wagon, lost control thereof, as it was going downgrade, and with the automobile slowing down the wagon went to the right side of the road and crashed into a telephone pole, severely injuring Gray Waddey.

That suits were instituted against Boyette to recover damages for the injuries sustained by Gray Waddey, and for loss of services and expenses sustained by his father. On the trial of these cases, the jury returned a verdict in favor of Gray Waddey for $2,000, and a verdict in favor of his father, Robert Waddey, for $1,535.

It is further alleged in the bill that execution was issued in each of the foregoing cases and returned *nulla bona.*

The policy here in question has what is called an ''insolvency clause'' under the Insuring Agreements. Un-

der this clause a right of action against the company is given upon any judgment recovered against the assured upon any claim covered by the policy, and the insolvency or bankruptcy of the assured shall not release the company. Under this clause of the policy complainants seek to recover of the defendant company the amount of the two judgments referred to.

Defendant demurred to the bill upon the grounds, in substance: (1) That at the time of the accident the insured automobile was being used by the assured for towing or propelling a trailer or a vehicle used as a trailer, without such use being specified in the Statements and without such trailer being listed in the Statements and without proper premium for such privilege being set forth in the Statements; and (2) that the automobile was not being used at the time of the accident in rendering incidental assistance to a stranded automobile on the road.

As before stated, the chancellor sustained the demurrer and dismissed the bill. The assignments of error make the sole question of whether the wagon in question was a trailer or a vehicle used as a trailer.

The wagon towed by the automobile of the assured was a vehicle and, at the time of the accident, was being used as a trailer. In Berry on Automobiles, vol. 2, p. 26, it is said: "The word 'vehicle' means any carriage moving on wheels or runners used or capable of being used as a means of transportation on land." In Webster's International Dictionary "vehicle" is defined as follows: "That in or on which a person or thing may be carried from one place to another . . .; a means of conveyance." That the wagon in question was a vehicle admits of no doubt. It was four feet wide by five

feet long, constructed from the frame of a pony buggy, having a front and back axle, and four wheels from a T model Ford. It stood two feet in height. It was capable of carrying persons or things from one place to another. A "trailer" is thus defined by Webster's International Dictionary: "A vehicle or one in a succession of vehicles hauled, usually, by some other vehicle." The vehicle in question was being hauled, at the time of the accident, by the assured's automobile.

The use of a trailer is an additional hazard, and for this reason an extra premium is charged for the privilege of its use. In Berry on Automobiles, vol. 6, p. 690, it is said:

"An attachment of a trailer to an automobile is an added hazard justifying an insurance company in limiting its liability to the operation of the insured automobile free from the use of an attached automobile."

The policy here sued on expressly provides that it does not cover the automobile described while being used for purposes other than those specified in the Statements, or while being used for towing or propelling any trailer or any vehicle used as a trailer. During the period the Waddey vehicle was attached as a trailer, the automobile was not covered by the policy. In Berry on Automobiles, vol. 6, p. 776, it is said:

"Where a policy of automobile liability insurance expressly excepts accidents occurring while the machine is used for towing a trailer, it has been held that the insurer is not liable for an accident occurring when the insured has a trailer attached to his car, without reference to whether the towing of the trailer was causally connected with the accident."

See, also, *Adams* v. *Maryland Cas. Co.*, 162 Miss., 237, 139 So., 453.

 It is next insisted that the cause falls within the exception contained in paragraph (e) of section V permitting incidental assistance to a stranded automobile on the road. The vehicle in question was not an automobile stranded on the road and obviously did not fall within the exception.

On a full consideration of the cause, we must conclude that complainants are without right to recover on the policy, being excluded from its benefits by its express provisions.

Affirmed.