438 S.W.2d 741 (1969)
Joe R. LEWELLYN, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
Supreme Court of Tennessee.
January 31, 1969.
Rehearing Denied March 26, 1969.
Howard R. Paul, Memphis, for appellant; Ratcliff, Paul, White & Van Eaton, Memphis, of counsel.
Timothy A. Ryan, Memphis, for appellee; Nelson, Norvell, Wilson, McRae, Ivy & Farmer, Memphis, of counsel.

OPINION
HUMPHREYS, Justice.
The question presented by this appeal is, whether State Farm's policy insuring Lewellyns truck provided coverage where a borrowed mobile welding rig which Lewellyn was pulling behind his truck, came loose and damaged an automobile and injured a passenger therein. The Chancellor held there was no coverage, and we agree.
The pertinent provisions of the policy are to be found in the definition section, relating to insuring agreements 1 and 2; and in the insuring agreement 2, relating to non-owned automobiles. A non-owned automobile *742 is defined as including a non-owned trailer.[1]
A trailer is defined as one designed for use with a private passenger automobile and not used for business purposes with other than passenger automobiles.[2]
The non-owned automobile insuring agreement affords limited coverage to loss due to a non-owned trailer in the event it is a non-owned trailer as defined in the definition of the policy.[3]
Since it is stipulated the trailing welding rig was non-owned, was not being pulled by a private passenger or a utility automobile, and since the welding rig was a trailer designed for use for business purposes with other than a private passenger automobile, there is no coverage afforded by the policy. For cases defining the mobile welding rig as a trailer, see Waddey et al. v. Maryland Casualty Company, 171 Tenn. 112, 100 S.W.2d 984, 109 A.L.R. 654; Blue Ridge Insurance Company v. Roy L. Haun et al., 197 Tenn. 527, 276 S.W.2d 711.
The second contention, that there was a waiver of the policy provisions mentioned, or that the Insurance Company is estopped to rely thereon, must be denied.
These defenses, waiver and estoppel, are based on a letter written by the Company to Lewellyn wherein it pointed out certain policy provisions under which it contended it was not liable under its policy. However, since in this same letter,[4] the Insurance *743 Company reserved every defense available to it under its policy, and there is no showing whatsoever of any harm or injury to the appellant because of the letter, the defenses are not good. See 45 C.J.S. Insurance § 707, p. 677.
The assignments of error are overruled and the decree of the Chancellor is affirmed.
BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.

MEMORANDUM ON PETITION TO REHEAR
A petition to rehear has been filed asking the Court to re-examine its opinion in the light of certain definitions in T.C.A. § 59-801; F. Britton McConnell v. Underwriters at Lloyds of London et al., 56 Cal.2d 637, 16 Cal. Rptr. 362, 365 P.2d 418; and an assumption in the petition that a material fact was overlooked by the Court in reaching its conclusion.
We have reconsidered the opinion in the light of these complaints against it, and we are satisfied with it and deny the petition.
The whole problem the appellant, Lewellyn, has in this case is that he is defined out of coverage by the policy, as we pointed out in the opinion. So that the Code section relied on and the California case are not authority for a recovery. It is fundamental that reasonable, unambiguous insurance policy provisions will be enforced according to their plain meaning. And, since the trailing welding rig was not owned, was not being pulled by a private passenger or utility automobile, and since it was designed for use for business purposes with other than a private passenger automobile, there is no coverage afforded by the policy.
The petition to rehear is denied.
NOTES
[1] "Non-Owned Automobile  means an automobile or trailer not (i) owned by, (ii) registered in the name of, or (iii) furnished or available for the frequent or regular use of the named insured, his spouse, or any relative of either residing in the same household, other than a temporary substitute automobile."
[2] "Trailer  means a trailer or semitrailer not so described if designed for use with a private passenger automobile and if not (1) a passenger trailer, (2) a trailer used for business purposes with other than a private passenger automobile, or (3) a trailer used as premises for office, store or display purposes. This insurance does not apply, under coverages C and M, to a house trailer while used as permanent living quarters."
[3] "* * * (3) coverages D, D-50, F, G and H applies to loss to a non-owned automobile provided (a) such automobile is a private passenger or utility automobile or a trailer as defined herein * * *"
[4] "May 19, 1967
 Mr. Joe R. Lewellyn
 3709 Graves Road
 Memphis, Tennessee 38116
 CERTIFIED MAIL-RETURN RECEIPT REQUESTED
 Re: Your File # XX-XXX-XXX
 Your Policy # 1725 962-CO1-42A

Dear Mr. Lewellyn:
This letter is relative to the accident which you had no April 22, 1967, when you were driving a 1967 Chevrolet pickup truck and when you were pulling behind such pickup truck a welding rig belonging to the T.C. Beardin Company. This accident occurred near the intersection of Springdale and Eldridge here in the city of Memphis, Shelby County, Tennessee.
As a result of the accident in question, a claim was presented against you by Mrs. John W. Moore, 1257 Capitol, Memphis, Shelby County, Tennessee, because of personal injuries and also a property damage claim has been presented because of damage to the Moore vehicle.
I refer you to your insurance policy # 1725 962-CO1-42A and specifically to the section dealing with Definitions  Insuring Agreements. I and II and first of all to the definition of NON-OWNED AUTOMOBILE  means an automobile or trailer not (1) owned by, (2) registered in the name of, or (3) furnished or available for the frequent or regular use of the named insured, his spouse or any relative of either residing in the same household, other than a temporary substitute automobile. As you can see, a definition of a non-owned automobile includes therein a non-owned trailer.
Therefore, I call your attention to the definition of trailer contained in the section Definitions  Insuring Agreements I and II wherein it states: `means a trailer or semi-trailer not so described if designed for use with a private passenger automobile and if not (1) a passenger trailer, (2) a trailer used for business purpose with other than a private passenger automobile,'
Our investigation of this matter has revealed that the trailer which you were using when this loss occurred is definitely a non-owned trailer as it was owned by the T.C. Beardin Company. Also, our investigation has further revealed that this trailer was not a trailer designed for use behind a private passenger automobile and secondly you were using the trailer for business purposes with other than a private automobile as the pickup truck behind which you were pulling the trailer is not a private passenger automobile, but rather is a utility automobile.
For the above reasons and any other reasons now in existence or that might develop at a later date, we must expressly deny any payment under the bodily injury liability, property damage liability, and collision coverage of your policy, as well as all other coverages. We cannot be held liable for any defense or [sic] any lawsuits brought against you by the adverse parties or will be responsible for any judgments rendered against you The defense and costs of any lawsuits filed against you and the payments of any judgments will be your personal responsibility.
Yours very truly,
 /s/ Robert B. Gwyn
 Robert B. Gwyn
 Resident Claim Superintendent."