356 So.2d 1281 (1978)
AMERICAN EMPLOYERS INSURANCE COMPANY (Now Commercial Union Insurance Company) and Construction Sales and Rental Equipment, Inc., Appellants,
v.
Eugene Harrison YEOMANS, Sentry Indemnity Company, Allstate Insurance Company, Howard Stafford, Etc., David James Barnes and William Hill, Appellees.
No. 77-652.
District Court of Appeal of Florida, Second District.
March 17, 1978.
As Modified On Denial of Rehearing April 26, 1978.
*1282 James E. Tribble of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellants.
Samuel V. Johnson of Johnson & Mockler, Fort Myers, for appellee Eugene Harrison Yeomans.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee Sentry Indemnity Co.
Douglas P. Lawless of Dart, Dickinson, O'Riorden, Gibbons & Quale, P.A., Sarasota, for appellee Allstate Ins. Co.
Wagner, Cunningham, Vaughan & Genders, Tampa, and Robert Orseck of Podhurst, Orseck & Parks, P.A., Miami, for appellees Stafford, Barnes and Hill.
RYDER, Judge.
This is an appeal from a final judgment on cross-claims determining insurance coverage between various carriers. Several complex questions of insurance law are presented. We affirm in part and reverse in part.
On March 7, 1972, Pamela Stafford, a minor,[1] David James Barnes and William Hill [plaintiffs] were riding in an automobile *1283 which collided with the rear part of an empty eighteen foot, flat deck, three-axle trailer being towed by a two-ton, six-wheel, flatbed International truck (27 feet in length). The trailer was attached to the truck with a pintle hook and safety chains.
The truck was owned and driven by Eugene Harrison Yeomans [Yeomans]. The trailer was owned by Construction Sales and Rental Equipment, Inc. [Construction]. Construction is in the business of renting construction vehicles and trailers.
During the six months prior to the accident, Yeomans had periodically used the trailer for a day or two at a time in his business of clearing land. The record reveals there had been some discussion about Yeomans purchasing the trailer from Construction. Yeomans did not pay Construction each time he used the trailer but as he "got the chance." The payments were credited to the purchase price. The trailer was also available for rental by others at a rate of $15.00 a day.
Yeomans was not engaged in any business purpose at the time of the collision, but rather as a favor to a friend who was in the business of laying sod, Yeomans had delivered some free sod to a little league baseball field and was returning home when the accident occurred.
Plaintiffs, thereafter, filed negligence actions [consolidated below] naming as defendants Yeomans; Sentry Indemnity Company [Sentry], Yeomans' liability insurer under a policy describing the truck that he was driving at the time of the accident; Allstate Insurance Company [Allstate], Yeomans' insurer under a policy listing two of his vehicles other than the truck involved in the accident; Construction; and American Employers Insurance Company [American], the insurer of Construction under a policy listing various vehicles including the trailer involved in the accident.
American, Allstate and Sentry answered and pleaded their respective policies did not provide coverage to Yeomans for the accident. Also, each insurer and Construction filed cross-claims for indemnity against the other insurers and Yeomans. Substantial discovery was had. The defendants/cross-claimants stipulated that the trial court would determine the issues of insurance coverage on the basis of legal memoranda. The trial court approved this stipulation by order dated July 26, 1976, and each defendant filed memoranda with the court.
On March 18, 1977 the trial court entered final judgment on the cross-claims, making no express findings of fact, but adjudging that American's policy provided coverage to Yeomans for the accident; further, that neither Allstate's policy nor Sentry's policy provided coverage to Yeomans for the accident; and that the cross-claims between Allstate and Sentry were moot because coverage was not afforded for the accident under either policy.
Thus, judgment was rendered in favor of both Allstate and Sentry on their cross-claims against American and Construction. Judgment was also entered in favor of Allstate, Sentry and Yeomans on American's and Construction's cross-claims against them. The court also entered judgment in favor of Sentry on its cross-claim against Yeomans.
American and Construction timely filed a notice of appeal to review the final judgment on cross-claims and assigned as error the trial court's adjudication that the policy between American and Construction afforded coverage to Yeomans for this accident and, additionally, the adjudication that neither the policy between Yeomans and Allstate nor the policy between Yeomans and Sentry afforded coverage to Yeomans for this accident.[2]
We have thoroughly reviewed the extensive record and the briefs in this complex matter, and we reverse the trial court's adjudication that American's policy provided coverage to Yeomans for the accident and affirm the trial court's adjudication *1284 that neither Allstate nor Sentry's policy provided coverage to Yeomans for the accident for the reasons hereinafter expressed.

THE AMERICAN POLICY
As noted above, the trial court determined that the American policy afforded coverage to Yeomans for this accident. When the accident occurred, Yeomans was driving his truck and towing a trailer owned by Construction. American is the liability insurance carrier of Construction pursuant to a policy which describes numerous vehicles including the trailer involved herein.
Appellee/defendant Yeomans argues that he is a person insured under the American policy by virtue of the policy provision that states:
II. PERSONS INSURED
* * * * * *
(c) any other person while using an insured automobile ... with the permission of the named insured, ...
Yeomans further notes that the American policy definition of "automobile" includes a "trailer" and, thus, the trial court was correct in deciding that the American policy afforded coverage to him.
With this contention, we cannot agree. Yeomans' argument is correct only insofar as it posits that Yeomans was a "person insured" pursuant to the above-quoted omnibus clause of the American policy. The fatal flaw of this argument and, indeed, the final judgment regarding American and Yeomans lies in the fact that the very section of the American policy ["Persons Insured"] relied upon by Yeomans goes on to provide an exclusion from coverage with respect to the specific type of use and occurrence at issue herein. The American policy further states:
II. PERSONS INSURED
* * * * * *
None of the following is an insured:
* * * * * *
(iv) any person or organization, other than the named insured, with respect to:
* * * * * *
(2) a trailer while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the company.
Appellants American and Construction strongly argue that the facts of this case fit squarely within said exclusion and reiterate that the named insured of the American policy is, of course, Construction; the trailer is indeed described in the American policy; and the vehicle towing the trailer at the time of the accident was owned by Yeomans and was not covered by any insurance with American.
In our view, appellants' argument is well taken, and the exclusion applies to the instant facts. The applicability of the exclusion may be more clearly illustrated by inserting the name of the person seeking coverage, Yeomans, in the exclusionary provision. If this is done, the exclusion reads:
None of the following is an insured:
* * * * * *
(iv) Yeomans ... with respect to:
* * * * * *
(2) a trailer while used with any motor vehicle owned ... by Yeomans and not covered by like insurance in the company.
In this regard, this court's decision in Liberty Mutual Insurance Company v. Sentry Insurance Company, 288 So.2d 556 (Fla. 2d DCA 1974), involving similar facts and policy provisions, is controlling in favor of appellants herein. There, Fashion-Craft owned a trailer. Hardware issued a liability policy to Fashion-Craft which specifically covered the trailer. Ryder owned a tractor which it leased to Fashion-Craft. A Liberty liability policy, naming Ryder and Fashion-Craft as insureds, listed the tractor. While one Hibbs was driving the tractor and towing the trailer, an accident ensued with plaintiffs therein. This court construed *1285 an exclusion in the Hardware policy that is identical in its material respects with the American policy exclusion now under consideration. We held that the Hardware policy did not afford coverage to Fashion-Craft for the accident because the trailer was being used with a tractor hired by Fashion-Craft which was not insured by Hardware. Thus, the exclusion was effective as to Fashion-Craft. See the discussion in this court's opinion in Liberty Mutual, supra, 288 So.2d at 558.[3]
In light of the foregoing, the trial court erred in that portion of the final judgment on cross-claims adjudging that the policy between American and Construction afforded coverage to Yeomans for this accident and, further, by rendering judgment accordingly on behalf of Allstate on its cross-claim against American, on behalf of Sentry on its cross-claim against American and Construction, and on behalf of Allstate, Sentry and Yeomans on the cross-claim of American and Construction against them. In these respects, we reverse.

THE ALLSTATE AND SENTRY POLICIES
For the reasons hereinafter expressed, we affirm the final judgment on cross-claims with respect to its adjudication that neither the Allstate nor the Sentry policy afforded coverage to Yeomans for this accident and entry of judgment on the various cross-claims accordingly.
It will be recalled that Yeomans was the named insured in the Allstate policy listing two of his automobiles, other than his truck which he was driving at the time of this accident. The terms of the Allstate liability policy provide bodily injury and property damage coverage for the insured, Yeomans, arising out of the use "of the owned automobile or a non-owned automobile." Further, the policy states, "`Non-owned automobile' means an automobile, including a trailer, not owned by the named insured ..." and then provides that "`trailer' means a trailer designed for use with a private passenger automobile, if not being used for business or commercial purposes with other than a private passenger, farm or utility automobile."
The trial court determined that no coverage was afforded to Yeomans by the Allstate policy, and we think this was correct. The judge made no express findings of fact or law, preliminary to his ultimate determination of no coverage, but we think that the record fully supports an implicit finding that the trailer involved herein [see the first portion of this opinion for its description] was not designed for use with a private passenger automobile. Therefore, it does not come within the Allstate policy definition of "trailer" and is not a "non-owned automobile" for which liability coverage is afforded.
In this regard, it is our view that the policy term "`designed for use with a private passenger automobile'" is not synonymous with "`capable of being drawn and towed' by a private passenger automobile" because such a construction would render the policy term meaningless. "[O]bviously something which cannot be drawn or towed will never become involved in an accident, at least one between moving vehicles... On the other hand, `designed for use with' seems to us to connote an object planned with a particular use in mind and so manufactured as to serve that use with reasonable efficiency and safety." Liberty Mutual Insurance Company v. Allied Mutual Insurance Company, 442 F.2d 1151, 1153 (10th Cir.1971). See also Amco Insurance Company v. Chesley, 95 Idaho 161, 504 P.2d 1210 (1972).
Turning now to the Sentry policy, it will be recalled that Yeomans was the named *1286 insured of the liability policy which described his International truck, which he was driving at the time of this accident. The trial court determined that no coverage by Sentry existed for this accident, and we share that view.
The Sentry policy declares, "Each of the following is an insured under this insurance to the extent set forth below: (1) the named insured." However, the same section of the policy goes on to provide:
None of the following is an insured:
* * * * * *
(iv) any person or organization, with respect to:
(1) a motor vehicle while used with any trailer owned or hired by such person or organization and not covered by like insurance in the company (except a trailer designed for use with a private passenger automobile and not being used for business purposes with another type motor vehicle)....
The record discloses that the trailer owned by Construction was "hired" by Yeomans. Although the record is somewhat unclear as to the exact nature of the agreement between Construction and Yeomans, apparently an oral lease-purchase arrangement, the record reveals that there was monetary consideration for Yeomans' use of the trailer and not a mere gratuitous loan thereof. Since there was a monetary consideration, Yeomans "hired" the trailer and this requirement of the exclusion is met. See Boyington v. American Liberty Insurance Company, 284 Ala. 581, 226 So.2d 640 (1969).
Further, the trailer in question was not covered by like insurance in Sentry. Therefore, the exclusion applies. The exception to the exclusion would not apply because, consistent with the above discussion concerning the Allstate policy, we believe that the trial court made an implicit finding that the trailer involved herein was not designed for use with a private passenger automobile. The record fully supports this finding.
Further, we note that the Sentry policy  unlike the Allstate policy  contains a definition of the term "private passenger automobile", stating that "`private passenger automobile' means a four-wheel private passenger or station wagon-type automobile and any automobile the purpose of use of which is stated in the declaration as pleasure and business use." Yeomans' International truck, described in the Sentry policy, does not fall within this definition of private passenger automobile because it has six wheels [two on the front axle and four on the rear axle], rather than four wheels; nor is the purpose of use of this truck stated in the declaration of the Sentry policy as pleasure and business use. Thus, the trial court correctly determined that the Sentry policy afforded Yeomans no coverage for this particular accident.[5]
In summary, we conclude that no liability insurance coverage was afforded to Yeomans for this accident by the American, Allstate, and Sentry policies. Therefore, we reverse the trial court's determination that American did cover Yeomans for this accident and affirm the trial court's determination that Allstate and Sentry did not cover the accident for the reasons stated above.
Affirmed in part; reversed in part.
BOARDMAN, C.J., and GRIMES, J., concur.
NOTES
[1] Pamela's father, Howard Stafford, sued individually and as next friend and natural guardian.
[2] No brief was filed herein by appellees/plaintiffs. Plaintiffs did file a pleading adopting certain portions of the briefs filed by the active appellees, so as to argue that each of the policies provided coverage to Yeomans for this accident.
[3] At this juncture, we would point out that we went on to hold in Liberty Mutual, supra, that the driver, Hibbs, was not excluded from coverage under the Hardware policy because the tractor was neither owned nor hired by him. Of course, such is not the case here. As previously stated, Yeomans was both the owner and driver of the truck towing the trailer owned by Construction and insured by American. Thus, as stated above in the body of this opinion, Yeomans is clearly within the exclusion.
[5] We note that Yeomans had added a "mobile equipment amendment" to his Sentry policy, but the trailer in question was not "mobile equipment" within the policy definition of that term and thus was not covered thereunder. No further discussion of this point is necessary.