DOWNEY, Judge.
Mary Jane Flynt, as personal representative of the estate of her husband, James Robert Flynt, deceased, brought an action for damages against James McGillen, his insurer, Government Employees Insurance Company (GEICO), Alvin Gamble d/b/a Alvin Gamble Brothers Fern and Plants, Sam Smith and his wife, Bonnie Smith, and the Smiths’ insurer, Florida Farm Bureau Casualty Company. The trial court granted GEICO’s motion for summary judgment on the basis that its policy afforded no coverage to McGillen for the occurrence at issue and denied GEICO’s subsequent motion to tax costs. We reverse as to former order and accordingly the latter order becomes moot.
James Robert Flynt was killed instantly while driving north on Alternate A1A in Palm Beach County when a trailer came loose from a truck driven by James McGil-len and collided with the Flynt vehicle. The pleadings and depositions show that the trailer was eight feet wide and fifteen to sixteen feet long and had two axles, four wheels, brakes and a homemade plywood body; that the truck pulling the trailer was a two-ton Ford truck; that both were owned by Gamble; that at the time of the accident McGillen, an employee of Gamble, was heading south on Alternate A1A en route to pick up plants for the respective nurseries owned in North Florida by Gamble and the Smiths; and that Gamble and Sam Smith differed on whether Smith contributed to any of the expenses incurred for the trip.
GEICO filed a cross-claim against McGil-len, its insured, alleging its policy provided no coverage for either the truck or the trailer because neither was an “owned auto” nor an “non-owned auto” and because the truck was being used to carry goods for hire. The relevant provisions of the GEICO policy which insured McGillen’s two family automobiles are as follows:
Section I
Liability Coverages
Your Protection Against Claims from
Others
* * * * * *
DEFINITIONS:
******
3.“Farm auto ” means a truck type vehicle with a load capacity of two thousand pounds or less not used for commercial purposes other than farming.
******
*579 5. “Non-owned auto ” means an automobile or trailer not owned by or furnished for the regular use of either you or a relative, other than a temporary substitute auto.
******
7. “Private passenger auto ” means a four-wheel private passenger, station wagon or jeep-type auto.
******
10. “Trailer” means a vehicle designed to be towed by a private passenger auto. If the vehicle is being used for business or commercial purposes, it is a trailer only while used with a private passenger, farm or utility auto. Trailer also means a farm wagon or farm implement used with a farm auto.
******
LOSSES GEICO WILL PAY FOR YOU
Under Section I, we will pay damages which an insured becomes legally obligated to pay because of:
1. bodily injury, sustained by a person, and
2. damage to or destruction of property, arising out of the ownership, maintenance or use of the owned auto or a non-owned auto. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.
EXCLUSIONS:
When Section I Does Not Apply
1. Section I does not apply to any vehicle used to carry passengers or goods for hire. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.
GEICO moved for summary judgment, and the trial court awarded same against McGillen and the personal representative, apparently finding that the GEI-CO policy contains a “business use” exclusion which applies here. On the contrary, this policy does not contain such an exclusion. However, if the judgment of the trial court is correct, albeit for the wrong reasons, the appellate court will affirm. See Turner v. Turner, 383 So.2d 700, 702 (Fla. 4th DCA) pet. for rev. denied 392 So.2d 1381 (Fla.1980); Firestone v. Firestone, 263 So.2d 223, 225 (Fla.1972).
In defense of the judgment GEICO first contends that the trailer here was not a “non-owned auto” covered by the policy because it was not designed to be towed by a private passenger auto. It relies upon American Emp. Ins. Co. v. Yeomans, 356 So.2d 1281 (Fla.2d DCA 1978) appeal dismissed 364 So.2d 894 (Fla.1978). In that case the court held that although the trial court made no findings of fact or law, the record supported an implicit finding that an eighteen-foot, flat deck, three axle trailer being towed by a two-ton, six wheel, flatbed truck was not designed for use with a private passenger auto. Therefore, the subject trailer was not within the policy definition of “trailer” and was not a “non-owned automobile” for which liability coverage was afforded.
However, we believe that Yeomans, supra, does not control this case because of a difference in policy language. In Yeomans and in one of the cases it relies upon, Liberty Mutual Ins. Co. v. Allied Mutual Ins. Co., 442 F.2d 1151 (10th Cir. 1971), the pertinent policy language was:
“ ‘trailer’ means a trailer designed for use with a private passenger automobile. ...”
In another case Yeomans relies upon, Amco Insurance Company v. Chesley, 95 Idaho 161, 504 P.2d 1210 (1972), the definition of the term “trailer” included:
“a trailer not described in this policy, if designed for use with a private passenger automobile. .. . ”
Yeomans and Chesley followed the construction of that provision set forth in Liberty Mutual, which held essentially that the term “designed for use with a private passenger automobile” was not synonymous with “capable of being towed by a private passenger automobile,” but rather “connote[d] an object planned with a particular use in mind and so manufactured as to serve that use with reasonable efficiency and safety.” 442 F.2d at 1153 (footnote omitted).
*580 It is one thing for those courts to hold that the policy language there under consideration should not be construed to be synonymous with “capable of being towed by a private passenger automobile,” but quite another for this court to hold that the policy language in question here does not mean “capable of being towed by a private passenger automobile” when that is virtually the policy terminology used; namely, “Trailer means a vehicle to be towed by a private passenger auto....” (Emphasis added.)
In view of the foregoing the trailer involved in this accident was a “nonowned auto” within the definitions of the GEICO policy if the facts demonstrate that this trailer was designed to be towed by a private passenger auto. That factual issue has not been resolved in this record so as to justify a summary judgment for GEICO on that ground.
GEICO also argues that the exclusion from coverage of any vehicle used to convey goods for hire applies here. As we read the record, there appears to be a question of fact as to whether Gamble was transporting for compensation goods belonging to Smith. This factual question precludes summary judgment for GEICO.
Accordingly, we reverse the final summary judgment in favor of defendant GEICO and against plaintiff Mary Jane Flynt in Case Number 79-2391, and also the final summary judgment in favor of defendant GEICO on its cross-claim declaring that there is no coverage in favor of defendant James McGillen in Case Number 79-2392 and remand to the trial court for proceedings not inconsistent herewith.
ANSTEAD and GLICKSTEIN, JJ., concur.