416 So.2d 1244 (1982)
INDUSTRIAL BUILDERS, INC., Sergio Novo, Dania Novo, Errol Portuondo and Rosa Portuondo, Appellants,
v.
HERITAGE INSURANCE COMPANY OF AMERICA, a Foreign Corporation, Chick'n Haven, Inc., a Florida Corporation and Rinker Materials Corporation, a Florida Corporation, Appellees.
HERITAGE INSURANCE COMPANY OF AMERICA, Appellant,
v.
INDUSTRIAL BUILDERS, INC., Sergio Novo, Dania Novo, Errol Portuondo and Rosa Portuondo, Appellees.
Nos. 81-104, 81-117.
District Court of Appeal of Florida, Fourth District.
July 21, 1982.
*1245 Gary I. Zwickel of Zwickel, Gross & Kessler, Lake Worth, for Industrial Builders, Inc., Sergio Novo, Dania Novo, Errol Portuondo and Rosa Portuondo.
Alan C. Brandt, Jr., of Chappell, Brandt & Gore, P.A., Fort Lauderdale, for Heritage Ins. Co. of America.
W. Peter Burns of Steel, Hector, Davis, Burns & Middleton, Palm Beach, for Chick'N Haven, Inc.
GLICKSTEIN, Judge.
Appellant, Heritage Insurance Company of America, is the surety under a performance bond. Appellant, Industrial Builders, Inc., is the contractor-principal. Appellants, Novo and Portuondo, are indemnitors of the surety. Appellee, Chick'N Haven, Inc., is the owner-obligee.
Because of a dispute between the owner and contractor arising out of a contract to construct a limited service restaurant, Heritage brought an action for declaratory judgment against all of the above-named parties. The owner counter-claimed against the surety and the owner and contractor cross-claimed against each other. The trial court entered an order, finding the contractor had breached its contract with the owner, determining liability against the surety in favor of the owner in its counterclaim and determining liability against the indemnitors in favor of the surety on its complaint.
The contractor and indemnitors raise three points on appeal. They allege the trial court erred in (1) basing its order upon photographs not admitted into evidence, (2) misinterpreting an article in the contract between the owner and contractor,[1] and (3) allowing the owner to offer evidence as to damages at a subsequent final hearing to be held after the owner had rested its case at the second session of final hearing. The surety also has appealed.
Although the surety joins the contractor and indemnitors in the latter two points, it expressly disavows the first. Counsel for the surety presented photographs of the construction premises to the trial court for its inspection during his opening statement. Then counsel for the owner commented during his opening statement without objection from the contractor, the indemnitors, or anyone:
It's undisputed, and I believe clear from the picture before Your Honor that the building is far from completed.
In its order, the trial court said:
The photographs which were admitted into evidence indicated that it would be virtually impossible for him to finish the building within the next few days allotted.
Although it was error for the trial court to base its judgment upon the photographs which were not in evidence, it was not reversible error because there was ample testimony in the record by the owner's architect and the contractor's president that when the contractor discontinued work at the site, the building was several weeks away from completion. See Hammond v. Carlyon, 96 So.2d 219, 221-222 (Fla. 1957).
Turning to the second point, the principal and indemnitors allege the trial court erred when it concluded the contractor had breached its contract by not timely completing the restaurant. They claim the court failed to consider delays caused by reasons beyond the contractor's control. We disagree, even though the order does not expressly fault the contractor with the delays. First, there was simply no question that the restaurant could not have been completed by November 17, 1979. Second, the order specifically treats the causes of delay and absolves the owner of fault. *1246 Third, the trial court expressly reached the following ultimate conclusions:
(1) The Defendant-contractor had breached the contract by November 9, 1980 [sic].
... .
(3) The Surety, Heritage Insurance Company of America, is liable under the contract for the completion of the job and the Indemnitor is liable to the Surety.
A trial court's resolution of disputed facts in a non-jury trial comes to this court with a presumption of correctness. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
Even if we were to assume that the trial court concluded the breach occurred because the job had not been timely completed and that it failed to consider whether reasons beyond the contractor's control prevented timely completion, we would still affirm. If the record, acting as it does for the trial and reviewing courts as a road map, requires our taking a route different from that taken by the trial court but leads us to the same destination, reversal is out of the question. See Flynt v. McGillen, 403 So.2d 577, 579 (Fla. 4th DCA 1981). As the supreme court stated less picturesquely but more to the point in Applegate, "[e]ven when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it." 377 So.2d at 1152. In this case the evidence in the record establishes that a material number of delays caused by matters over which the contractor had control resulted in breach of contract with the owner.
To buttress their argument in support of point three, the contractor and indemnitors contend the trial court abused its discretion by allowing the owner to schedule additional time for a hearing upon the issue of damages although all of the parties had rested their cases. We concur with the owner's analysis that the point is not reviewable at this time. Fla.R.App.P. 9.130.
Based on all of the foregoing, we affirm.
AFFIRMED.
DELL, J., concurs.
BERANEK, J., concurs in conclusion only.
NOTES
[1] The article contains the following clause:

"The Work to be performed under this Contract shall be ... completed within approximately 120 calendar days from the date commenced, subject to delay for reason beyond the Contractor's control."