**Dawn Schall JENKINS, Appellant,**

v.

**The HARTFORD ACCIDENT AND IN-DEMNITY COMPANY, Appellee.**

No. 83–1402.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1983.

Decided May 11, 1984.

Rehearing and Rehearing En Banc Denied June 13, 1984.

James A. Eichner, Richmond, Va. (George W.R. Glass, Beale, Eichner, Wright, Denton & Shields, Richmond, Va., on brief), for appellant.

Frank B. Miller, III (Ralph L. Whitt, Jr., Sands, Anderson, Marks & Miller, Richmond, Va., on brief), for appellee.

Before WIDENER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Dawn Schall Jenkins appeals from a summary judgment in an action she brought against an automobile insurance carrier to satisfy a judgment she had obtained. The district court held that the tortfeasor's policy did not afford coverage. We reverse.

I

The accident occurred when a two-wheel vehicle broke loose from a truck that was

towing it and struck Jenkins's car. The vehicle, known as a tar kettle, was designed to heat tar for roofing. The truck, but not the tar kettle, was listed as an insured vehicle under the policy.

Confronted by Jenkins's claim for damages, the truck's owner and the driver sought a declaratory judgment in a Virginia court to require the insurance company to defend them and pay any judgment entered against them. The state court denied relief, holding that the policy afforded no coverage because the tar kettle was not an "owned automobile" as that term is defined in the policy.

In a separate state court action, Jenkins obtained a judgment against the truck's owner and its driver. She then brought this action against the insurance company in federal court to satisfy the judgment. The district court, persuaded by the state court's declaratory judgment, held that the insurance company was not obliged to pay Jenkins's judgment against the truck's owner and driver.

## II

■ Pleading res judicata and collateral estoppel, the insurance company argues that the state declaratory judgment precludes Jenkins from raising the question of the policy's coverage. It asserts that, although Jenkins was not a named party to the declaratory judgment action, she is in privity with the truck's owner and driver. The company notes that Jenkins's lawyer was present at the declaratory judgment proceedings and that he occasionally assisted the truck owner's counsel. It contends that privity exists because Jenkins's interests were "connected with and affected by" the suit's outcome. *See Alderman v. Chrysler Corp.*, 480 F.Supp. 600, 607 (E.D. Va.1979).

The Virginia Supreme Court, however, has rejected a finding of privity under substantially similar circumstances. In *Storm v. Nationwide Mutual Insurance Co.*, 199 Va. 130, 97 S.E.2d 759 (1957), the Court held that an injured person was not in privity with a tortfeasor whose claim against an insurance company for coverage had been rejected in an earlier action.

Indeed, it would be especially inappropriate to hold that Jenkins is precluded from litigating the insurance company's liability. She sought to intervene in the state declaratory judgment suit, and the insurance company successfully opposed her motion. The company also objected to her counsel's assistance to the truck owner's counsel in the declaratory judgment proceedings.

In concert with the district court, we conclude that neither res judicata nor collateral estoppel bars this action against the insurance company.

## III

■ The policy covers any injury or damage "arising out of the ... use ... of an owned automobile ...." Courts have construed this language broadly. *Couch on Insurance* § 45:64, at 300 (2d rev. ed. 1981). Virginia law, which governs this action, is not to the contrary. *Nationwide Mutual Insurance Co. v. Tuttle*, 208 Va. 28, 155 S.E.2d 358 (1967); *London Guarantee & Accident Co. v. C.B. White & Bros., Inc.*, 188 Va. 195, 49 S.E.2d 254 (1948).

In *Safeguard Insurance Co. v. Justice*, 203 Va. 972, 128 S.E.2d 286 (1962), the Virginia Supreme Court held that a towed, uninsured racing car was not a trailer within the meaning of an exclusionary clause. Consequently, the policy on the towing vehicle afforded coverage for damages caused when the racing car broke loose and collided with the claimant. Other courts also have concluded that a towing vehicle is engaged in a covered "use." *See, e.g., McConnell v. Underwriters at Lloyds of London*, 56 Cal.2d 637, 16 Cal.Rptr. 362, 365, 365 P.2d 418, 421 (1961); *Dairyland Insurance Co. v. Drum*, 193 Colo. 519, 568 P.2d 459, 462 (1977); *Quality Dairy Co. v. Ft. Dearborn Casualty Underwriters*, 16 S.W.2d 613, 614 (Mo.App.1929).

■ Although only the tar kettle collided with Jenkins, the truck was being used to pull it. The accident arose "out of the use" of the truck, and, consequently, the policy affords coverage.

The result we reach differs from the declaratory judgment of the state court, but the rationale of the decisions is not altogether inconsistent. The state court held that the tar kettle was not an "owned automobile" as defined by the policy, a conclusion that Jenkins does not dispute. The state court did not decide whether the accident arose out of the "use" of the truck within the meaning of the policy. Indeed, the record does not indicate that the truck owner raised this issue. The question of "use" appears to have been raised initially by Jenkins in the federal district court. For the same reason, *Liberty Mutual Insurance Co. v. Allied Mutual Insurance Co.*, 442 F.2d 1151 (10th Cir.1971); *Amco Insurance Co. v. Chesley*, 95 Idaho 161, 504 P.2d 1210 (1972), and *Lewellyn v. State Farm Mutual Automobile Insurance Co.*, 222 Tenn. 542, 438 S.W.2d 741 (1969), on which the insurance company relies, are not pertinent. In each of those cases, the court considered only whether the towed vehicle was a trailer covered by the policy, and it did not address whether the accident arose out of the use of the towing vehicle.

The judgment of the district court is reversed, and the case is remanded for entry of judgment for Jenkins.